# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal No. PJM 05-0179 |
| | * | |
| **JOHN VINCENT FLETCHER, JR.** | * | |
| | * | |
| Defendant | * | |

## MEMORANDUM OPINION

John Vincent Fletcher, Jr., proceeding *pro se*, has filed a "Motion for Immediate Release and Reduction in Sentence" [Paper No. 746]. The Court will **DISMISS** the Motion.

On April 13, 2006, Fletcher pleaded guilty to conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 1), and to possession with intent to distribute five grams or more of cocaine base; aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18(2) (Count 2). He was sentenced to 121 months on Count 1 and 121 months on Count 2, to run concurrently.

Fletcher has filed a "Motion for Immediate Release and Reduction in Sentence," seeking immediate release pursuant to 18 U.S.C. 4205(g) and 18 U.S.C. 3582(c)(1)(A) because he is disabled, suffering from health problems, and elderly.[1]

Fletcher is not entitled to release under either statute. 18 U.S.C. 4205(g) was repealed, effective November 1, 1987, and only applies to prisoners who committed offenses before that date. 18 U.S.C. 3582(C)(1)(A) does not permit the court to modify a term of imprisonment except that "the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the

---

[1] Although his Motion was docketed as a "Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses 18 U.S.C. 3582," it was not, in fact, brought pursuant to the provision dealing with crack cocaine offenses, contained at 18 U.S.C. 3582(c)(2).

term of imprisonment" if it finds that (i) "extraordinary and compelling reasons warrant such a reduction"; or (ii) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559 (c)" and the BOP determines "that the defendant is not a danger to the safety of any other person or the community" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." (Emphasis added).

Absent a motion by the Director of the Bureau of Prisons, the Court cannot consider a motion for early release pursuant to 18 U.S.C. 3582(C)(1)(A). *See, e.g., Dodson v. Fed. Bureau of Prisons*, CIV.A. 1:11-0411, 2012 WL 1067870 (S.D.W. Va. Mar. 29, 2012); *Jarvis v. Stansberry*, 2:08CV230, 2008 WL 5337908 (E.D. Va. Dec. 18, 2008).

For the foregoing reasons, Fletcher's "Motion for Immediate Release and Reduction in Sentence" [Paper No. 746] is **DISMISSED**.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

April 11, 2014

\_\_\_ FILED  \_\_\_ ENTERED
\_\_\_ LOGGED  \_\_\_ RECEIVED

APR 1 4 2014

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                           DEPUTY