IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| | * Crim. No.: PJM 05-0179 |
| John Vincent Fletcher, Jr., | * |
| Defendant | * |

## MEMORANDUM OPINION

John Vincent Fletcher, Jr., currently serving a term of imprisonment of 120 months pursuant to 18 U.S.C. § 3582(c), seeks to have his sentence reduced based on Amendment 782 to the United States Sentencing Guidelines. The Government consents to Fletcher's entitlement to a reduction, but opposes the extent of the reduction. As the Court now explains, it agrees with the Government, and Fletcher's Motion will be **GRANTED IN PART** and **DENIED IN PART**.

I.

Fletcher was charged in a Superseding Indictment with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846 (Count 1), and Possession with Intent to Distribute Five Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and Aiding and Abetting in violation of 18 U.S.C. § 2 (Count 2). ECF No. 267.

On April 13, 2006, the Government filed a Notice of Intention to Seek Enhanced Penalties ("the Notice"), following which Fletcher pleaded guilty to both Counts 1 and 2. ECF No. 315. Fletcher stipulated that he had "combined, conspired, confederated and agreed with . . . others to distribute and possess with intent to distribute 50 or more grams of crack cocaine, and 5 to 15 kilograms of cocaine powder." Presentence Report ("PSR") at ¶¶ 25-26.

His Sentencing Hearing took place over several days, in large part due to a dispute between the Government and defense counsel as to whether the Government had timely served the Notice before Fletcher entered his plea. The Government argued that the Notice was filed and stamped on April 13, 2006 and was hand-served on defense counsel shortly before the plea colloquy that took place on the same day. Sentencing Hr'g Tr. 4:11-17, Sept. 23, 2008, ECF No. 576. The Government pointed to the certificate of service attached to the Notice, which indicated that on April 13, 2006 the Notice was personally served on Fletcher's attorney. *Id.*

Defense counsel maintained that he had only received the Notice by mail *after* the plea was entered. Sentencing Hr'g Tr. 27:25-28:2, Sept. 22, 2008, ECF No. 577. Defense counsel submitted an envelope that he stated included the Notice, and the envelope was post-marked April 12, 2006. *Id.* at 28:9-11. Defense counsel argued that he would never have accepted the Government's plea offer had the Government properly served the Notice. Sentencing Hr'g Tr. 10:20-21, Sept. 23, 2008, ECF No. 576. As counsel explained, the enhanced penalty would have resulted in a mandatory minimum of life imprisonment, and thus there would have been no benefit in taking the plea. *Id.* at 10:22-24. The Government responded that in fact it had mailed certain documents dated April 11, 2006 to defense attorney, and that the envelope including those documents could have been post-marked April 12, but did not include the Notice. *Id.* at 5:2-9. Both parties proffered witnesses and exhibits. The Court eventually determined that the Notice was properly filed and served on defense counsel before Fletcher entered his plea. *Id.* at 36:15-16.

On October 16, 2008, Fletcher filed a Motion to Withdraw Plea of Guilty on the ground that his plea was not knowing and voluntary, ECF No. 578, which the Government opposed. ECF No. 579. After the third sentencing hearing, the Government withdrew the Notice on

November 17, 2008. ECF No. 600. Subsequently, Fletcher withdrew his prior Motion to Withdraw Plea of Guilty. ECF No. 664.

As of Fletcher's last Sentencing Hearing on November 24, 2008, it was clear that, because the Government had withdrawn the Notice, Fletcher would not be subject to the enhanced life-time mandatory minimum term of imprisonment under 21 U.S.C. § 851(a)(1). Sentencing Hr'g Tr. 3:6-4:3, Nov. 24, 2008, ECF No. 664. Based on the facts and circumstances of Fletcher's criminal conduct, the Probation Officer calculated Fletcher's offense level at 30, and determined that his criminal history was a Category of III, resulting in a recommended custody range under the guideline of 121-151 months. PSR at ¶ 74. The Court adopted the Probation Officer's factual findings in the PSR, noting the Government's withdrawal of the Notice. Sentencing Hr'g Tr. 3:23-4:3, Nov. 24, 2008, ECF No. 664. The Court then sentenced Fletcher to 121 months as to both Counts 1 and 2 to run concurrently. ECF No. 607.

On July 10, 2015, Fletcher filed the instant Motion seeking to reduce his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 782 of the United States Sentencing Guidelines. He submits that Amendment 782 reduces his offense level to 28 which, with a criminal history Category of III, results in a guideline range of 97-121 months. He points out that the Court sentenced him at the low end of the guideline range applicable at the time and accordingly requests a reduced sentence of 97 months.

The Government, while it consents to Fletcher's eligibility for relief under Amendment 782, contends that the Court should reduce Fletcher's sentence to no less than 120 months, because Fletcher's offense of conviction subjected him to a ten-year mandatory minimum. The U.S. Probation Office agrees with the Government and also recommends a sentence of 120 months.

Fletcher argues that his mandatory minimum term of imprisonment is not ten years, but five years. He further asserts that, since the Government withdrew the Notice, he is no longer subject to the enhanced mandatory minimum of a ten-year term of imprisonment. As a result, Fletcher contends that his proposed 97-month sentence does not conflict with the five-year mandatory minimum.

## II.

Amendment 782 to the United States Sentencing Guidelines Manual, which became effective November 1, 2014, reduced the base offense level for all drug offenses found in § 2D1.1 of the Sentencing Guidelines. Amendment 782 applies retroactively unless the order reducing the defendant's term of imprisonment has an effective date before November 1, 2015. U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n. 6 (2014). It applies retroactively in the instant case.

Under 18 U.S.C. § 3582(c), a defendant may file a motion requesting the court to reduce his sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." The court may reduce the defendant's term of imprisonment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2012). The Sentencing Guidelines provide that a reduction in the defendant's term of imprisonment is inconsistent with the policy statement in that section if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n. 1(A) (2014).

While the parties agree that the Court should not reduce Fletcher's term of imprisonment below the statutory mandatory minimum, they dispute the mandatory minimum actually applicable to Fletcher.

Fletcher is certainly correct that he is not subject to an enhanced mandatory minimum. A defendant guilty of a drug offense may be sentenced to increased penalties for prior convictions only if the Government files a notice with the Court stating in writing that the previous conviction will be relied upon, and serves a copy of such notice on the defendant or his counsel before trial or entry of a plea of guilty. *See* 21 U.S.C. § 851(a)(1) (2012). Accordingly, if the Government properly files and serves such notice but later withdraws it, the defendant is no longer subject to the increased penalties. *See Wheeler v. United States*, No. 5:04-CR-66-RLV-CH-1, 2014 WL 740458, at *1 (W.D.N.C. Feb. 25, 2014) (noting that the defendant was not subject to enhanced statutory mandatory minimum because the government withdrew its § 851 notice before the sentencing); *see also Sanders v. United States*, No. 5:07CR50, 2009 WL 5042514, at *1 (W.D.N.C. Dec. 14, 2009) (noting that government's partial withdrawal of § 851 notice led to a reduced statutory mandatory minimum sentence of the defendant). Here, since the Government eventually withdrew the Notice before Fletcher's sentencing, he was not subject to the enhanced statutory minimum under 21 U.S.C. § 841(b)(1) at the time of his sentencing.

However, Fletcher is incorrect in contending that his mandatory minimum term of imprisonment is five years. The amount of controlled substance relative to mandatory minimum terms set forth in 21 U.S.C. § 841 has been amended several times,[1] but the Court must apply the statute as it was at the time of Fletcher's sentencing. *See United States v. Black*, 737 F.3d 280,

---

[1] For example, Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010) was enacted in 2010, which raised the floor of crack cocaine in 21 U.S.C. § 841 (b)(1)(A)(iii) from 50 grams to 280 grams. Under the amended statute, Fletcher's possession with intent to distribute 50 grams of crack cocaine would fall under § 841(b)(1)(B), which carries a five-year mandatory minimum.

285-86 (4th Cir. 2013) (rejecting the defendant's argument that a modification of a prior sentencing should be treated the same as a sentencing, and holding that the mandatory minimum term of imprisonment as before FSA was enacted still applied to the defendant's motion to reduce sentence). When Fletcher was sentenced in 2008, 21 U.S.C. § 841(b)(1)(A) provided,

> In the case of a violation of subsection (a) of this section involving—
> . . .
>> (ii) 5 kilograms or more of a mixture or substance containing a detectable amount of—
>> . . .
>>> (II) cocaine, its salts, optical and geometric isomers, and salts of isomers;
>>> . . . [or]
>> (iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;
> . . .
> such person shall be sentenced to a term of imprisonment which *may not be less than 10 years* or more than life. . . . If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence.

(emphasis added).

Again, in the instant case, Fletcher submitted that he "combined, conspired, confederated and agreed with . . . others to distribute and possess with intent to distribute 50 or more grams of crack cocaine, and 5 to 15 kilograms of cocaine powder." PSR at ¶ 26. Therefore, under 21 U.S.C. § 841(b)(1)(A)(ii) and (iii), he subjected himself to the mandatory minimum of a ten-year term of imprisonment.[2] Under U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n. 1(A), since Amendment 782 does not authorize reduction of Fletcher's sentence to one below the statutory mandatory minimum, his sentence can only be reduced to ten years.

---

[2] Even if the Court were to review Fletcher's Motion under the statute as amended by FSA, Fletcher's conspiracy to possess with intent to distribute 5 to 15 kilograms of cocaine powder still falls under 21 U.S.C. § 841(b)(1)(A)(ii), which carries a ten-year mandatory minimum.

For the foregoing reasons, Fletcher's Motion is **GRANTED IN PART** and **DENIED IN PART**. His term of imprisonment will be reduced from 121 to 120 months.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

November 12, 2015